UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **CASEEXPERTS LLC** | * | **CIVIL ACTION NO. 09-1903** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **COMPSTAR SYSTEMS, INC. ET AL** | * | **MAG. JUDGE KAREN L. HAYES** |

<u>**MEMORANDUM RULING AND ORDER**</u>

Before the court is a motion to compel discovery responses [doc. # 51] filed by defendants, CompStar Systems, Inc. and Brian E. Henke ("defendants"). The motion is opposed. For reasons stated below, the motion to compel [doc. # 23] is **GRANTED**.[1]

<u>Background</u>

Plaintiff CaseExperts, L.L.C. ("CaseExperts") provides nurse case management services to businesses, insurers, and other entities in Louisiana and its surrounding areas. Defendant CompStar Systems, Inc. is a corporation based in Costa Mesa, California that provides data processing services to third party administrators and adjustors of workers' compensation claims. Defendant Brian Henke was the President of CompStar at the time of the events that give rise to this dispute. The facts of this dispute arise out of a joint venture between CaseExperts and defendants that involved the development and marketing of CaseDirector, a software program.

CaseExperts filed a petition in state court on September 28, 2009. [Doc. # 1.] The matter was removed to federal court on November 12, 2009; *see* Removal Order [doc. # 3]. Third-party

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

defendant CBS Technology, LLC entered the lawsuit on May 24, 2010; *see* Answer [doc. # 41].

On April 6, 2010, defendants served plaintiff with Interrogatories and Requests for Production of Documents. [Doc. # 51-2.] In response, plaintiff produced e-mails printed on November 30, 2006. Mem. in Supp. of Mot. to Compel [doc. # 51]. Plaintiff produced no other e-mails; further, plaintiff's representatives testified in depositions that their computer crashed in 2009, implying that they are unable to produce any other relevant e-mails. *Id.*

On July 26, 2010, defendants propounded a second set of Requests for Production of Documents. [Doc. # 51-3.]

According to plaintiff's opposition to the underlying motion, filed with the court on September 13, 2010, plaintiff eventually did produce "over 3,000 pages of documents" after plaintiff undertook "an additional effort...to obtain e-mails and documents that were contained on a damaged computer." [Doc. # 59.] As such, plaintiff contended that the underlying motion is moot "as all discovery requests have been satisfied." *Id.*

According to defendants' reply to plaintiff's opposition, filed after the appropriate deadline on September 23, 2010,[2] there remains one item of contention between plaintiff and defendants concerning discovery. Defendants allege that the second set of Requests for Production ("RFPs") "were directed at Defendants' Cross Claim and Third Party Demand which alleges that Plaintiff and [third party defendant] CBS Technology, LLC, misappropriated Defendants' trade secrets by copying and mimicking software developed and owned by

---

[2] The notice of motion setting [doc. # 52] provides that "the movant **may seek leave of court to file a reply** within seven **(7) days** after the opposition memorandum is filed." As the opposition was filed on September 13, defendants' reply came due on September 20, 2010. However, movant notes that he has filed the late reply "as a precaution," as movant "discussed the issue with opposing counsel and...was hoping to have the requested documents by now" [doc. # 64]. As it appears there is a continuing attempt to resolve any outstanding discovery disputes in compliance with L.R. 37.1W, the court will overlook defendant's late filing in this matter.

Defendants." [Doc. # 64-2.]  Therefore, defendants requested "Screen shots[3]" for the CaseExperts and EZ-MSA program, because, according to defendants, "screenshots...will allow Defendants to compare the appearance and function of the programs."  *Id.*  This request, No. 15 of defendants' second set of RFPs, is the only request that remains outstanding, according to defendants' reply.  *Id.*  Defendants claim they have produced "screenshots" of their software, but that plaintiff has not responded in kind.  *Id.*

> In response to Request No. 15, plaintiff stated as follows:
>
> CaseExperts, L.L.C. objects to this Request for Production insofar as it requests information regarding the EZ-MSA software program.  CaseExperts, L.L.C. neither developed nor designed the EZ-MSA program and has no control over it.  Insofar as this discovery request seeks information relevant to the CaseExpertOnline system, please see attached.
> Reply to Opp. to Mot. to Compel, Ex. B [doc. # 64-3, Ex. A].

Defendants demand that the "screenshots" of EZ-MSA be produced, arguing that plaintiff's response to Request No. 15 is "completely contrary to the numerous e-mails produced by Plaintiff which show its staff promoting EZ-MSA to its customers."  [Doc. # 64-2.]

The undersigned agrees.  Indeed, while plaintiff claims that the EZ-MSA "screenshots" are not within plaintiff's custody or control, various e-mails provided by defendants indicate otherwise.[4]  Therefore, the motion to compel [doc. # 51] is hereby **GRANTED**.  Plaintiffs are to

---

[3] According to defendants: "'Screenshots' are depictions of what a software user sees when using software. [Doc. # 64-2.]

[4] In an e-mail dated March 31, 2009, Terrisa Wallace, an employee of CaseExperts, writes "If anyone interested in purchasing an MSA Computer System or Case Management Computer System, I have some information you may be interested in.  Please contact me for further information."  This mass e-mail was apparently sent to plaintiff's customers.  [Doc. # 64-3, Ex. A.]

Another e-mail was sent on August 12, 2009, from the "CaseExperts Billing Dept."  The e-mail's recipients are redacted, but the message is a thank-you and follow-up to the recipients: "I want to thank everyone for allow us [*sic*] to come present our MSA presentation yesterday...I have also given everyone access to our case management system..."  *Id.*

Finally, in another mass e-mail, dated September 21, 2009, Ms. Wallace writes "I found a very nice MSA system that

provide full and complete responses to Request No. 15 within 15 calendar days of the date of this order.

   THUS DONE AND SIGNED at Monroe, Louisiana, this 27th day of September, 2010.

                 KAREN L. HAYES
                 U. S. MAGISTRATE JUDGE

---

is very user friendly. The system is called ez-MSA and their web-site is www.ez-msa.com..." *Id.*